**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **BOOKER HOLLINS,** ) | **CASE NO. 1:11CV1452** |
| ) | |
| Petitioner, ) | **JUDGE SARA LIOI** |
| ) | |
| v. ) | **MAGISTRATE JUDGE GREG WHITE** |
| ) | |
| **FRANCISCO PINEDA, Warden,** ) | |
| ) | |
| Respondent. ) | **REPORT AND RECOMMENDATION** |

Petitioner, Booker Hollins ("Hollins"), challenges the constitutionality of his conviction in the case of *State v. Hollins*, Cuyahoga County Court of Common Pleas Case No. CR-08-514416.  Hollins, *pro se*, filed a Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2254 on July 15, 2011.  On November 10, 2011, Warden Francisco Pineda ("Respondent") filed a Motion to Dismiss.  (Doc. No. 5.)  Hollins did not file a response.  For reasons set forth in detail below, it is recommended that Hollins' Petition be dismissed as time-barred.

### I. Procedural History

**A.     Conviction**

In August, 2008, a Cuyahoga County Grand Jury charged Hollins with one count of drug trafficking (crack cocaine, in an amount equal to or exceeding 100 grams) in violation of Ohio Revised Code ("O.R.C.") § 2925.03(A)(2), together with major drug offender and firearm specifications; one count of possession of drugs in violation of O.R.C. § 2925.11(A), together with major drug offender and forfeiture specifications; and, one count of possession of criminal tools in violation of O.R.C. § 2923.24(A).  (Doc. No. 5-1 at 3-5.)

Hollins, represented by counsel, pled not guilty.  Thereafter, the State amended the drug trafficking charge by reducing the quantity of drugs and deleting the major drug offender specification.  *Id.* at 6.  The State agreed to dismiss the remaining counts.  *Id*.  On April 7, 2009,

Hollins plead guilty to the amended indictment. *Id.* He was immediately sentenced to a three-year prison term and a five-year term of post-release control.[1] *Id.*

On June 29, 2009, Hollins filed a *pro se* motion to withdraw his guilty plea, which was denied on July 9, 2009. *Id.* at 7& 16. Hollins filed no appeal.

### B. Postconviction Relief

On June 14, 2010, Hollins, *pro se*, filed a Petition for Post-Conviction Relief with the trial court raising three assignments of error as follows:

1. Ineffective Assistance of Counsel - counsel failed to properly investigate the case and make sure that Petitioner was properly charged. Trial counsel coerced and induced Petitioner to enter a guilty plea knowing that Petitioner was innocent. Trial counsel failed to prepare a proper defense.[2]

2. The trial court erred to the prejudice of the Petitioner by finding him guilty of trafficking in drugs, as those findings were not supported by sufficient evidence – the trial court accepted Petitioner's guilty plea, despite the fact that the Petitioner made no effort to sell or distribute the drugs in question.

3. The trial court erred to the prejudice of the Petitioner by finding him guilty of trafficking in drugs, as those findings were contrary to law – the court clearly lost its way in concluding and finding the Petitioner was guilty of trafficking in drugs. A new trial should be ordered as Petitioner was convicted against the manifest weight of the evidence.

*Id.* at 16-25. On June 22, 2010, the petition was denied. *Id.* at 34. On July 7, 2010, Hollins filed a Notice of Appeal with the Eighth District Court of Appeals ("state appellate court"), but failed to file the record. *Id.* at 39. On August 16, 2010, the appeal was dismissed. *Id.* No further

---

[1] The Ohio Department of Rehabilitation and Correction website indicates that Hollins was released from prison on August 6, 2011. *See* http://www.drc.ohio.gov/offendersearch. (viewed on Apr. 26, 2012). Nonetheless, because Hollins was sentenced to a five-year term of post-release control, the case is properly before this Court. The Supreme Court's "interpretation of the 'in custody' language has not required that a prisoner be physically confined in order to challenge his sentence on habeas corpus." *Maleng v. Cook*, 490 U.S. 488, 490, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989). "[T]he actual or potential restraint on his liberty must be severe and immediate, such as occurs when he is released subject to certain conditions and restrictions on parole, probation, or bail." *Lewis v. Randle*, 36 Fed. Appx. 779, 780-81 (6th Cir. 2002) (*quoting Maleng*, 490 U.S. at 491.) Post-release control satisfies the "in custody" requirement.

[2] Hollins did not summarize the assignments of error in his state post-conviction petition. The Court has instead used the Respondent's version which accurately portrayed Hollins' claims. (Doc. No. 5 at 3.)

2

appeal was taken by Hollins.

### C. Delayed Direct Appeal

On March 4, 2011, Hollins, *pro se*, filed a Notice of Appeal from his April 7, 2009 entry of conviction.³ *Id*. at 40.  On March 31, 2011, the case was dismissed.  *Id*. at 45-46.

Hollins filed a timely Notice of Appeal to the Ohio Supreme Court raising three propositions of law:

1. Ineffective Assistance of Counsel.

2. The trial court erred to the prejudice of the appellant by finding him guilty of trafficking in drugs, as those findings were not supported by sufficient evidence.

3. The trial court erred to the prejudice of the appellant by finding him guilty of trafficking in drugs, as those findings were contrary to law.

*Id*. at 51-61.  On June 22, 2011, the appeal was dismissed.  *Id*. at 65.

### D. Federal Habeas Petition

On July 15, 2011, Hollins filed a Petition for Writ of Habeas Corpus asserting three grounds for relief:

> **GROUND ONE**: Ineffective Assistance of Trial Counsel.
> **Supporting Facts**: Trial counse [sic] coerced and induced Petitioner to plead guilty and nor did counsel properly investigate the facts involves [sic] in Petitioner's case.
>
> **GROUND TWO**: The trial court erred to the prejudice of the Petitioner by finding him guilty of Trafficking in Drugs, as those findings wer [sic] not supported by sufficient evidence.
> **Supporting Facts**: The State failed to meet its burden of proving that Petitioner was guilty of Trafficking in Drugs.
>
> **GROUND THREE**: The trial court erred to the prejudice of the Petitioner by finding him guilty of Trafficking in Drugs, as those findings were contrary to law.
> **Supporting Facts**: There was no evidence to back up the State's claim.

(Doc. No. 1.)

## II. Statute of Limitations

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996

---

³Hollins mistakenly cited May 17, 2010, but as Respondent points out, that was the date the sentencing entry was certified, not the date it was journalized.  (Doc. No. 5 at 4 fn. 2.)

3

("AEDPA"), 28 U.S.C. § 2254. *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997). The relevant provisions of AEDPA state:

> (d)(1) A one year period of limitations shall apply to the filing of an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) & (2).

**One-Year Limitation**

The AEDPA tolls the one-year limitations period during the time "'a properly filed application for State postconviction or other collateral review . . . is pending.' § 2244(d)(2)." *Evans v. Chavis*, 546 U.S. 189, 191 (2006); *Carey v. Saffold*, 536 U.S. 214 (2002); *accord Matthews v. Abramajtys*, 319 F.3d 780, 787 (6th Cir. 2003). "The time that an application for state postconviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law." *Id.*[4]

---

[4] An application for state habeas review is an application for state post-conviction review or other collateral review within the meaning of the AEDPA. *See Abela v. Martin*, 348 F.3d 164, 170 (6th Cir. 2003), *overruled on other grounds as stated in Sanders v. Bobby*, 2008

Only "properly filed" applications for postconviction relief or collateral review toll the statute of limitations, and "a state postconviction petition rejected by the state court as untimely is not 'properly filed' within the meaning of § 2244(d)(2)." *Allen v. Siebert*, 552 U.S. 3, 128 S. Ct. 2, 3 (2007); *Pace v. DiGuglielmo,* 544 U.S. 408, 125 S.Ct. 1807 (2005) ("time limits, no matter their form, are 'filing' conditions, and a state postconviction petition is therefore not 'properly filed' if it was rejected by the state court as untimely")*; Monroe v. Jackson*, 2009 WL 73905, *2, Case No. 2:08cv1168 (S.D. Ohio Jan. 8, 2009). A timely filed state post-conviction matter, however, cannot serve to toll a statute of limitations which has expired. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). Section 2244(d)(2)'s tolling provision "does not ... 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman*, 346 F.3d at 602 (citation omitted). Further, if a state court ultimately denies a petition as untimely, that petition was neither properly filed nor pending and a petitioner would not be entitled to statutory tolling. *See Monroe* at *2; *Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir. 2007).

Here, Hollins had thirty days from the entry of judgment to file a direct appeal. *See* Ohio App. R. 4(A). Because Hollins did not do so, the federal limitations period began on May 7, 2009, thirty days after his April 7, 2009 conviction. On June 29, 2009, Hollins filed a motion to withdraw his guilty plea, which tolled the statute of limitations until July 9, 2009, when the motion was denied.[5] At that point, 53 days of the one-year limitations period had expired, leaving Hollins with 312 days, until May 17, 2010, to file his habeas petition. Although Hollins subsequently filed a petition for post-conviction relief and a motion for delayed direct appeal, these actions had no effect on the limitations period as they were filed after its expiration.

Hollins filed his federal Petition on July 15, 2011, more than a year after the statute of

---

U.S. Dist. LEXIS 7248 (N.D. Ohio Jan. 31, 2008).

[5]Hollins did not file an appeal from this denial.

5

limitations had expired.[6] Therefore, unless equitable tolling is appropriate or he is entitled to begin calculating the statute of limitations from an alternative date, his Petition should be dismissed as time-barred. Hollins did not file a response to the motion to dismiss. He has not provided any newly discovered evidence, or claimed that extraordinary circumstances prevented him from filing earlier. *See Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). The Court, therefore, recommends that the Petition be dismissed.[7]

### III. Conclusion

For the foregoing reasons, it is recommended that this matter be dismissed as time barred.

s/ *Greg White*<br>United States Magistrate Judge

Date: May 30, 2012

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981).** *See also Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111 (1986).**

---

[6] Under the mailbox rule, the filing date for a *pro se* petition is the date that a petitioner delivers it to prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). In cases where it is unclear when an inmate deposits legal documents with prison officials, courts have assumed that it was done on the date the document was purportedly signed. *See Porter v. Konteh*, 2009 WL 4282911, *5-7, (N.D. Ohio., Nov. 30, 2009); *United States v. Gray*, 182 F.3d 762, 766 (10th Cir. 1999). *Porter v. Greiner*, No. 00-cv-6047, 2005 U.S. Dist. LEXIS 31828, 2005 WL 3344828, at *7 (E.D. N.Y. Nov.18, 2005); *Corrigan v. Barbery*, 371 F.Supp.2d 325, 328 n. 4 (W.D. N.Y. 2005); *Pack v. Artuz*, 348 F.Supp.2d 63, 66 n. 2 (S.D. N.Y. 2004); *Johnson v. Coombe*, 156 F.Supp.2d 273, 277 (S.D. N.Y. 2001); *Torres v. Irvin*, 33 F.Supp.2d 257, 270 (S.D. N.Y. 1998). Hollins' Petition is dated June 29, 2011 and would, therefore, be untimely considering the mailbox rule.

[7] Respondent also argues that Hollins' claims are procedurally defaulted. (Doc. No. 5 at 8-12.) The Court will not address this issue.